**No. 24-11199**
**Alexandria Bennett v. Walmart, Inc.**

**Certificate of Interested Persons and Corporate Disclosure Statement**

Pursuant to Local Rules 26.1-2, Plaintiff-Appellant certifies that the following persons have or may have an interest in the outcome of this case or appeal:


Bennett, Alexandria (Appellant)

EMW Law & Associates, LLC (Attorneys for Appellant)

Friedman, Dazzio & Zulanas, PC (Attorneys for Appellee)

Gordon, Gwendolyn A. (Attorney for Appellee)

Manasco, Anna M. (US District Judge, US District Court-ND of AL)

Walmart, Inc. (Sole Member of Wal-Mart Stores East, LLC)

Wal-Mart Stores East, LLC (Appellee and Sole Member of both WSE

Management, LLC and WSE Investment, LLC)

Washington, Ellise (Attorney for Appellant)

WSE Investment, LLC (Sole Limited Partner of Wal-Mart Stores East, L.P.)

WSE Management, LLC (Sole General Partner of Wal-Mart Stores East, L.P)

Zulanas, Christopher J. (Attorney for Appellee

Submitted: September 9, 2024

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ALEXANDRIA BENNETT, )
)
  Appellant, )  Case 24-11199-J
)
v. )
)
WALMART, INC., )
)
  Appellee. )

_____

## AMENDED MOTION TO SET ASIDE DISMISSAL AND REMEDY DEFAULT

_____

Comes now Alexandria Bennett, Appellant in the above-named case, and files this Motion to Set Aside Dismissal and Remedy Default pursuant to 11th Cir. R. 42-2(e). Despite counsel's best efforts, the Appellant was unable to meet the deadline to file the appellant's brief due to extraordinary circumstances.

Counsel for the Appellant is the sole caregiver for her father who was unexpectedly hospitalized on August 27, 2024, for a life-threatening emergency and underwent surgery. As counsel has been the sole caregiver for her father since 2016 and has had to provide around-the-clock care for him in recent weeks, she was not able to file the brief by the deadline. The brief is attached to this Motion.

This matter was set for mediation on September 24, 2024, for possible resolution. Appellant does not believe that any prejudice will result to any party from

this brief delay.

/s/ Ellise M. Washignton /s/_____
Ellise M. Washington (ASB-1744-G16U)
***Counsel for the Appellant, Alexandria Bennett***
EMW LAW, LLC
2100 1st Ave. N., Suite 300
Birmingham, AL 35203
ellise@emwlawllc.com
P: 205-938-4369
F: 205-449-2171

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing document to be electronically filed and issued to counsel via electronic mail and/or CM/ECF notification on this date: September 9, 2024.

Gwendolyn A. Gordon
Christopher J. Zulanas
**Counsel for Appellee Wal-Mart, Inc.**
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com

_____/s/ Ellise M. Washington_____
OF COUNSEL

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Alexandria Bennett,

*Plaintiff-Appellant*,

v.

Walmart, Inc.

*Defendant-Appellee*

Appeal from the United States District Court for the Northern District of Alabama

No. 2:22-CV-01306

## APPELLANT'S OPENING BRIEF

Ellise M .Washington
2100 1ˢᵗ Ave. N. Suite 300
Birmingham, AL 35203
205-938-4369

*Attorney for Appellant*
Alexandria Bennett

**No. 24-11199**
**Alexandria Bennett v. Walmart, Inc.**

**Certificate of Interested Persons and Corporate Disclosure Statement**

Pursuant to Local Rules 26.1-2, Plaintiff-Appellant certifies that the following persons have or may have an interest in the outcome of this case or appeal:

Bennett, Alexandria (Appellant)

EMW Law & Associates, LLC (Attorneys for Appellant)

Friedman, Dazzio & Zulanas, PC (Attorneys for Appellee)

Gordon, Gwendolyn A. (Attorney for Appellee)

Manasco, Anna M. (US District Judge, US District Court-ND of AL)

Walmart, Inc. (Sole Member of Wal-Mart Stores East, LLC)

Wal-Mart Stores East, LLC (Appellee and Sole Member of both WSE Management, LLC and WSE Investment, LLC)

Washington, Ellise (Attorney for Appellant)

WSE Investment, LLC (Sole Limited Partner of Wal-Mart Stores East, L.P.)

WSE Management, LLC (Sole General Partner of Wal-Mart Stores East, L.P)

Zulanas, Christopher J. (Attorney for Appellee)

## Statement Regarding Oral Argument

Plaintiff-Appellant submits that no oral argument is necessary for the Court to reverse the District Court's decision, and to remand the case to the District Court for reversal.

# Table Of Contents

Page

Certificate of Interested Persons and Corporate Disclosure Statement .................C-1

Statement Regarding Oral Argument ..........................................................................i

Table of Contents................................................................................................. ii

Table of Citations ................................................................................................ iii

Jurisdictional Statement.........................................................................................v

Statement of the Issues ..........................................................................................1

Statement of the Case ............................................................................................2

Summary of the Argument ......................................................................................4

Argument..............................................................................................................5
     I.      The District Court Erred in Granting Summary Judgment in favor of
             Walmart by Concluding That Walmart Did Not Have Actual or
             Constructive Notice of the Hazardous
             Condition…………………………………………………...     6
     II.     The District Court Erred in Concluding That Plaintiff Failed to Present
             Evidence of Wantonness………………………….…………..............10

Conclusion..........................................................................................................12

Certificate Of Compliance....................................................................................13

# Table of Citations

**Cases**                                                                                   **Page(s)**

.

*Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) ........................................................ 3

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) ............................................................... 3

*Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313 (11th Cir. 2015) .................... 3

*Denmark v. Mercantile Stores Co.*, 844 So. 2d 1189 (Ala. 2002) ........................................... 6

*Latham v. Wal-Mart Stores, Inc.*, 818 So. 2d 323 (Ala. 2001) ................................................ 12

*Maddox v. K-Mart Corp.*, 565 So. 2d 14 (Ala. 1990) ........................................................ 6, 7, 9

*Vargo v. Warehouse Groceries*, 529 So. 2d 986 (Ala. 1988) ................................................... 7

*Zaharavich v. Clingerman*, 529 So. 2d 978 (Ala. 1988) ......................................................... 11

**Statutes**

28 U.S.C. § 1291……………………………………………………………………... v

28 U.S.C. § 1332 ................................................................................................................... v

**Regulations**

**Rules**

FRAP 32..........................................................................................................13

**Other Authorities**

**Jurisdictional Statement**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because Plaintiffs appeal from a final judgment by a District Court in this Circuit. The judgment was entered on March 19, 2024, and Plaintiff filed a timely notice of appeal on April 16, 2024. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship of the parties, the Plaintiff being a resident citizen of Alabama and the Defendant being a Delaware Corporation with its principal place of business being in Arkansas, and claims made by the Plaintiff against the Defendant for an amount in controversy that exceeds $75,000.

**Statement of the Issues**

I.     Whether the district court erred in granting summary judgment in favor of Walmart Inc. by improperly concluding that the defendant-appellee, Walmart Inc., did not have actual or constructive notice of the hazardous condition that caused the plaintiff's injury.

II.    Whether the district court erred in granting summary judgment in favor of Walmart Inc. by improperly concluding that the Plaintiff-Appellant failed to present evidence of wantonness.

## Statement of the Case

This case arises from a slip and fall incident that occurred on October 15, 2020, at a Walmart store located in Helena, Alabama. The plaintiff, Alexandria Bennett, alleges that she was injured due to Walmart's negligence in maintaining a safe environment, specifically failing to warn of and address dirty water on the floor in an unkempt water aisle. The plaintiff seeks compensatory and punitive damages for the injuries and losses sustained as a result of the fall.

## Statement of Facts

On the evening of October 15, 2020, Ms. Bennett went into the Walmart store in Helena, Alabama. *See* Doc. 16-2 Pg 20. While Ms. Bennett was on the water aisle, she reached to get some water, and slipped and fell. *See* Doc. 16-2 Pg 22. At the time that Ms. Bennett fell, there were no warning signs or other indicators to alert her to the presence of the hazard. *See* Doc 16-2 Pg 32. The area where Ms. Bennett fell and the water she slipped in was dirty. *See* Doc 16-2 Pg 26-27. After her fall, the plaintiff remained on the wet floor until emergency medical personnel arrived and transported her to a local hospital. *See* Doc 16-2 Pg 28. The plaintiff sustained significant injuries, including an ankle fracture, necessitating surgery and causing her to miss work and incur substantial medical expenses. *See* Doc 16-2 Pg 35-36.

## Standard of Review

The standard of review is de novo, with the appellate court construing the evidence and

drawing all reasonable inferences in favor of Alexandria Bennett, the non-moving party. *Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1317 (11th Cir. 2015). Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

An issue of fact is "material" if it goes to a legal element of the claim under the applicable substantive law, and it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id*. But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial," and summary judgment may be granted. *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997) (quotation marks omitted).

## Summary of the Argument

The district court erred in granting summary judgment in favor of Walmart Inc. by improperly concluding that Walmart did not have notice of the hazardous condition that caused the plaintiff's injury, and that the Plaintiff presented no evidence that Walmart demonstrated a reckless or conscious disregard for the rights or safety of others.

Walmart's defense that it lacked actual or constructive notice of the dirty water is contradicted by the evidence. There is substantial evidence indicating that the water had been on the floor for a period long enough for Walmart to have identified and addressed the hazard. No 'wet floor' signs were placed in the affected area. Furthermore, Walmart failed to conduct periodic safety checks or clean the floors as required by its own policies and procedures. Additionally, the store manager's request for increased video surveillance—which would have enhanced the store's monitoring of spills—was inexplicably denied, further contributing to Walmart's failure to prevent the incident or discover the cause of both Ms. Bennett's fall and the three others that occurred in the Helena store. The district court's ruling ignored this evidence, which should have precluded summary judgment and required a trial on the merits.

The district court's failure to consider the evidence in the light most favorable

to the plaintiff resulted in a misapplication of the summary judgment standard and an erroneous finding that Walmart did not breach its duty of care. The record reflects that the plaintiff was acting as a reasonable customer under the circumstances, and there is no evidence that she was aware or should have been aware of the hazardous condition.

Finally, the district court's decision undermines the purpose of premises liability law in Alabama, which is to hold property owners accountable for maintaining reasonably safe environments for their customers. The district court effectively absolved Walmart of its responsibility to ensure that its premises were free from dangers, thereby denying the plaintiff her rightful opportunity to present her case to a jury.

For these reasons, the district court's grant of summary judgment should be reversed, and the case remanded for trial to allow a jury to determine the issues of negligence, wantonness, and damages.

**Argument**

**I.     The District Court Erred in Granting Summary Judgment in favor of Walmart by Concluding That Walmart Did Not Have Notice of the Hazardous Condition**

The district court erred in concluding that Walmart lacked actual and/or constructive notice of the hazardous condition that caused Alexandria Bennett's injuries. Under Alabama law, stores have a duty "to exercise reasonable care to provide and maintain reasonably safe premises for the use of its customers." *Denmark v. Mercantile Stores Co*., 844 So. 2d 1189, 1192 (Ala. 2002) (quoting *Maddox v. K-Mart Corp*., 565 So. 2d 14, 16 (Ala. 1990)). A plaintiff "must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [the defendant]; or (2) that [the defendant] had actual notice that the substance was on the floor; or (3) that [the defendant] was delinquent in not discovering and removing the substance." *Maddox*, 565 So. 2d at 16.

In the *Maddox* case, the Plaintiff and his sister testified that the substance slipped on appeared to be a puddle of coke that was wet, slippery, and sticky, but starting to dry. The store argued that it had no notice of the substance on the floor and that the floors were cleaned during the day as needed, so the trial court granted the store's motion for summary judgment. The Alabama Supreme Court reversed summary judgment for the store, holding that there was evidence that the substance had been on the floor for such a length of time

that constructive notice was imputed to the store and that the store was delinquent in not

discovering and removing the substance. In its order reversing the trial court's grant of

summary judgment, the Alabama Supreme Court stated:

> it is permissible to allow the trier of fact to infer the length of time that the
> substance had remained on the floor from evidence regarding the nature and
> condition of the substance, specifically "Where the substance is dirty,
> crumpled, or mashed, or has some other characteristic [, e.g., is 'stick,'] that
> makes it reasonable to infer that it has been on the floor a long time, the
> defendant may be found to have a duty to discover and remove it." *Vargo*,
> supra, at 986, citing *S. H. Kress & Co. v. Thompson,* 267 Ala. 566, 103 So.
> 2d 171 (1957).

The court distinguished the *Maddox* case from the *Vargas* case stating that the plaintiff in

*Vargas* slipped and fell after removing a bag of ice from an ice machine, and that the

plaintiff and her witness testified that there were several puddles of water in front of the

ice machine and that the water "looked like it had been there for a while." Based on the

evidence in *Vargas*, "any inference that Warehouse Groceries was negligent would be the

result of mere speculation". *Vargas, supra*, 529 So.2d at 987. Therefore, it was not error

for the trial court to grant summary judgment in favor of Warehouse Groceries. In *Maddox*,

the court concluded that the plaintiffs had presented sufficient evidence regarding the

condition of the substance, namely that the substance was sticky and starting to dry, to

demonstrate that it had been present long enough to impute constructive notice to K-Mart,

therefore any inference of K-Mart's negligence would not be based on mere speculation.

The fact that the area where Ms. Bennett fell and the water she slipped on was dirty

is enough evidence to infer that the liquid she slipped on had been on the floor a sufficient length of time to impute constructive notice to Walmart. In order to prevent hazards like slip and falls in a Walmart store, Walmart's policies, procedures, and training manuals mandate that stores "periodically perform a sweep of [each] department or area so that you can correct hazards as soon as possible." *See* Doc 16-3 Pg 15 Ex. 10, Walmart's Policies and Procedures produced during Depo. p. 31 (SEALED). Manager Elizabeth Parker also stated that "There's not really a cleanliness policy. The store is, you know, cleaned every morning before we open. And then as needed, throughout the day, if somebody notices something, we stop and fix it." *See* Doc 16-3 Pg 7. During her deposition, Ms. Bennett stated that area where she fell was dirty, and that the store was not well taken care of. *See* Doc 16-2 Pg 26. Ms. Bennett also stated that the water she slipped on was dirty. *See* Doc 16-2 Pg 27. Ms. Bennett stated that it was not raining the day of the incident. *See* Doc 16-2 Pg 21. Walmart Manager Elizabeth Parker also stated that there was dirt on the floor in the area where Ms. Bennett fell, and that it looked like the floor was dirty and needed to be scrubbed. *See* Doc 16-3 Pg 11. There is no evidence that Walmart employees conducted any safety sweeps the day Ms. Bennett fell. Thus, because Walmart failed to clean its floors as needed and conduct safety sweeps, Ms. Bennett slipped and fell on dirty water in the filthy water aisle.

Similar to the plaintiff in *Maddox*, the fact that the area where Ms. Bennett fell was dirty, along with the dirty water she slipped on, is sufficient evidence to infer that the water

had been on the floor long enough for Walmart to have discovered and removed it prior to Ms. Bennett's fall, and that such an inference would not be the result of mere speculation. Given that Ms. Bennett has presented undisputed evidence regarding the condition of the substance, namely that the water and the area surrounding it was dirty, said evidence is enough to demonstrate that the water had been present long enough to impute constructive notice to Walmart, and therefore any inference of Walmart's negligence would not be based on mere speculation. Because Walmart failed to follow its own policies and procedures to prevent slips and falls by not conducting periodic safety sweeps and cleaning its store as needed, Walmart breached its duty to Ms. Bennett. Had Walmart conducted periodic safety sweeps and cleaned its store as needed, the dirty water on the floor in the scruffy water aisle would have been discovered and cleaned.

Walmart was also delinquent in not discovering and removing the dirty water because Walmart inexplicably failed to purchase additional video surveillance equipment which would have allowed employees to better monitor all store aisles for spills after the manager requested more video surveillance equipment. When a slip and fall occurs in a Walmart store, Walmart's policies, procedures and training manuals mandate that store management "Determines how and why the accident occurred. Identify the root cause, and determine the steps to take in order to prevent the same or similar accidents from happening.... accident reviews are fact-finding missions." *See* Doc 16-3 Pg 15 Ex. 10, Walmart's Policies and Procedures produced during Depo. p. 31 (SEALED).  Before

Ms. Bennett's incident, there were two (2) other reported slip and falls at the Helena Neighborhood Walmart. *See* Doc 16-3 Pg 15. Walmart Manager Elizabeth Parker stated that she asked her Asset Protection Manager for more video surveillance but was inexplicably told they couldn't add any more. *See* Doc 16-3 Pg 10. Walmart's failure to add more video surveillance to monitor the aisles for spills, after being asked by Management to do so, further shows that Walmart was delinquent in discovering and removing spills, in violation of its own policies and procedures.

## II.    The District Court Erred in Concluding That Plaintiff Failed to Present Evidence of Wantonness

The district court's finding that Plaintiff Alexandria Bennett failed to present evidence of wantonness was also improper. Alabama law defines wantonness as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others.'" *Tutor v. Sines*, No. 1210037, 2023 WL 2054060, at *2 (Ala. Feb. 17, 2023) (quoting Ala. Code § 6- 11-20(b)(3)). Wantonness "requires the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Id*.

Walmart Manager Elizabeth Parker testified that she was not aware of any investigations that "tried to uncover the source of the water that was on the floor when Ms. Bennett fell." *See* Doc. 16-3 Pg 16. As stated above, when a slip and fall occurs

in a Walmart store, Walmart's own policies, procedures and training manuals mandate that store management "Determines how and why the accident occurred. Identify the root cause, and determine the steps to take in order to prevent the same or similar accidents from happening.... accident reviews are fact-finding missions." *See* Doc 16-3 Pg 15 Ex. 10, Walmart's Policies and Procedures produced during Depo. p. 31 (SEALED). Before Ms. Bennett's incident, there were two (2) other reported slip and falls at the Helena Neighborhood Walmart. *See* Doc 16-3 Pg 15. Walmart Manager Elizabeth Parker stated that she was not aware of any investigations to discover the cause of those slips and falls, or that of Ms. Bennet. *See* Doc 16-3 Pg 10. Walmart's failure to follow its own policies in procedures regarding cleaning, safety sweeps, and investigating slips and falls to determine the cause of said incidents constitute wantonness.

While the court did not rule that the Plaintiff was contributorily negligent, Walmart argued that Ms. Bennett was contributorily negligent. Contributory negligence requires the plaintiff to have knowledge of the condition, appreciate the danger, and fail to exercise reasonable care to avoid it. *Zaharavich v. Clingerman By & Through Clingerman*, 529 So. 2d 978, 980 (Ala. 1988). In this case, the slippery substance was hidden amongst the dirty floor, chipped pallet holding cases of water, and not apparent to Ms. Bennett, who was walking normally down the aisle before she reached up to grab a jug of water. There is no evidence that she knew or should

have known about the spill, and thus, the issue of contributory negligence should have been left to the jury.

The evidence does not support the conclusion that the plaintiff was aware of the hazard or that her actions were unreasonable under the circumstances. Alabama courts have consistently held that whether a plaintiff exercised reasonable care is a question of fact that should be resolved by a jury, especially in cases where the condition was not obvious. *Latham v. Wal-Mart Stores, Inc.*, 818 So. 2d 323, 331 (Ala. 2001).

## Conclusion

The district court's summary judgment ruling should be reversed, and the case remanded for trial. The evidence presents genuine issues of material fact regarding whether Walmart had notice of the dirty water on the floor of a messy water aisle, whether the Plaintiff has presented evidence of wantonness, and whether the plaintiff was contributorily negligent. These are determinations that should be made by a jury, not resolved on summary judgment.

Date: September 7, 2024

Ellise M. Washington, Esq.

*Attorney for Appellant Alexandria Bennett*

**Certificate Of Compliance**

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in font size 14 and Times New Roman.

Ellise M. Washington, Esq.

*Attorney for Appellant Alexandria Bennett*

Dated: September 7, 2024